IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL SHOATZ, a/k/a RUSSELL SHOATS | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Case No. 13-657 |
| | : | |
| JOHN E. WETZEL, in his official | : | |
| capacity as Secretary of the Pennsylvania | : | |
| Department of Corrections; LOUIS S. | : | |
| FOLINO, in his official capacity as | : | |
| Superintendent of the State Correctional | : | |
| Institution at Greene; and JOHN | : | ELECTRONICALLY FILED |
| KERESTES, in his official capacity as | : | |
| Superintendent of the State Correctional | : | |
| Institution at Mahanoy. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS

On May 8, 2013, Plaintiff Russell Shoats ("Shoatz"), an inmate in the custody of the

Pennsylvania Department of Corrections ("DOC"), filed a Complaint against John Wetzel,

Secretary of the DOC; Louis Folino, Superintendent of State Correctional Institution

("SCI") Greene; and John Kerestes, Superintendent of SCI Mahanoy ("Defendants").  In his

Complaint, Shoatz claims that Defendants have violated the Eighth Amendment and

Fourteenth Amendment of the United States Constitution.

Contrary to Defendants' contention, Shoatz does not allege that the conditions of

solitary confinement are a *per se* violation of the Eighth Amendment.  Rather, Shoatz alleges

that the specific conditions of his solitary confinement – conditions which he has been

subjected to for over 21 consecutive years – amount to cruel and unusual punishment under the Eighth Amendment.

Similarly, contrary to Defendants' contention, Shoatz does not allege that the regulations and procedures adopted by the DOC are a *per se* violation of the Fourteenth Amendment.  Rather, Shoatz alleges that Defendants failed to follow those procedures, failed to provide him with meaningful periodic reviews, failed to provide him with an opportunity to be heard by the relevant decision makers, and failed to provide him with any guidance on what he needed to do to be considered for release from solitary confinement, which – under his specific circumstances – amounts to a violation of the Fourteenth Amendment.

As discussed more fully below, Shoatz has alleged facts sufficient to establish plausible violations of the Eighth and Fourteenth Amendments.  Accordingly, Defendants' motion to dismiss should be denied in its entirety.

## I.    STATEMENT OF RELEVANT FACTS

Shoatz is a 70 year old adult individual who has been held in solitary confinement continuously for the past 21 years.  Compl. ¶ 4.  As a result of his solitary confinement for more than 21 consecutive years, Shoatz has been: deprived of human contact, physical activity, personal property, and any form of mental stimulation, Comp. ¶ 40; deprived of exercise, Compl. ¶¶ 13, 18-19; deprived of sleep, Compl. ¶¶ 14-15,17; deprived of discussion, Compl. ¶¶ 37-38; deprived of adequate nutrition, Compl. ¶¶ 20-22; deprived of minimum standards of personal hygiene, Compl. ¶ 23; denied access to educational, vocational, or

organizational activities, Compl. ¶¶ 24-26; and denied physical contact with anyone, including his family. Compl. ¶¶ 27-28.

The officials charged with determining whether or not Shoatz will be released from solitary confinement have little or no interaction with him prior to making their determination. Compl. ¶ 60. No meaningful attempts have been made by either the DOC or the Program Review Committee ("PRC") to determine if Shoatz is fit for release into the general population or a less restricted status. Compl. ¶ 61. Although Defendants are aware of the risks and harms inherent in long-term solitary confinement, Shoatz will most likely spend the rest of his life isolated in solitary confinement. Compl. ¶¶ 62-63. Every 90 days the PRC is supposed to hold a meeting to determine whether Shoatz should continue to be held in solitary confinement. Compl. ¶ 46. Shoatz's reviews performed by the PRC have been perfunctory and his confinement has been automatically extended. Compl. ¶ 47. The only reason given by the PRC to Shoatz's continuing solitary confinement has been that he is "an escape risk in a less secure status." Compl. ¶ 52. During his 18 years at SCI Greene, Superintendent Folino never visited Shoatz. Compl. ¶ 53.

Shoatz has only been issued one misconduct in the last 21 years, and has not been issued a serious misconduct in that same period. Compl. ¶¶ 35-36. Shoatz's name appears on a Restricted Release List ("RRL"), which requires authorization of the DOC Secretary ("Secretary") to be placed on the list or removed. Compl. ¶¶ 41-42. Shoatz has never been provided with an explanation of what he must do to be removed from the list. Compl. ¶¶ 42,45. Further, Shoatz is not provided any notice of when he is reviewed for release from

the RRL and is not provided notice of any decision taken by any prison officials, including the Secretary, to keep him on the RRL.  Compl. ¶¶ 43-44.

On May 22, 2012, Shoatz attended a review and requested a full and detailed accounting of the evidence relied upon in continuing his solitary confinement; but the PRC refused to provide such information.  Compl. ¶ 48-49.  Shoatz appealed this review to Superintendent Folino on May 23, 2012, and requested a detailed and complete explanation of the basis for his continuing solitary confinement.  Compl. ¶ 50.  On June 29, 2012, Mr. Folino denied Shoatz's appeal and dismissed his request for an explanation of the basis for his continuing solitary confinement.

Separate security and psychological reviews are required before Shoatz can be released from solitary confinement.  Compl. ¶ 57.  Shoatz's most recent security review was performed on November 10, 2010, and prior to that review, the last time Shoatz had a security review was on June 4, 1998.  Compl. ¶ 58.  Shoatz's most recent psychological review occurred on November 4, 2010, and determined that "mental health concerns are irrelevant in considering release of [Shoatz] from [solitary confinement]."  Compl. ¶ 59.

Defendants are aware of the risks and harms inherent in long-term solitary confinement.  Compl. ¶ 63.  Specifically, Defendants are aware that long-term solitary confinement causes psychosis, cognitive impairment, psychological harm, and lasting, often permanent psychological trauma.  Compl. ¶ 64.  Defendants are also aware that long-term solitary confinement results in greater incidences of self-harm, suicide, psychological deterioration, debilitating emotional suffering, and sleep disorders.  Compl. ¶ 65.  In June 1995, the Special Assistant to the DOC Commissioner at the time, Thomas James,

conducted a review to determine whether Shoatz should remain in solitary confinement.

Compl. ¶ 67.  Mr. James recognized that Shoatz's stay in solitary confinement, which at that

time had been for four years, was atypical, unique and posed a risk of significant

psychological harm and that he, therefore, typically recommends returning a prisoner to the

general population after just 90 days.  Compl. ¶¶ 68-69.

Shoatz's 21 years spent in solitary confinement have caused him actual mental

anguish and suffering, including stress, heightened anxiety, sever difficulty concentrating,

short-term memory problems, chronic depression, and unfathomable emotional pain and

suffering.  Compl. ¶ 70.  Shoatz's time in solitary confinement has also caused him physical

injury and pain, including cataracts, prostatitis, peripheral artery disease, heel spurs, arthritis,

and hypertension and high blood pressure.  Compl. ¶ 72.  The Defendants are aware that

Shoatz has experienced both serious mental and psychological harm and physical injury and

pain as a result of his extended time is solitary confinement.  Compl. ¶¶ 71, 73.  As a result

of Defendants' acts and omissions, Shoatz has been deprived of numerous basic human

needs, including environmental stimulation, social interaction, psychological health,

emotional wellbeing, physical health, sleep, exercise, nutrition, and fundamental human

dignity.  Compl. ¶ 75.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss, Plaintiff is only required to plead "enough facts to

state a claim to relief that is plausible on its face." *Renfro v. Unisys Corp.*, 671 F.3d 314, 321

(3d Cir. 2011) (citing *Matrixx Initiatives, Inc. v. Siracusano*, 131 S.Ct. 1309, 1322 n.12 (2011)).  A

court considering a motion to dismiss for failure to state a claim brought pursuant to Federal

Rules of Civil Procedure "must accept as true the factual allegations in the complaint." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000).  The court must construe the facts and reasonable inferences that can be drawn from the facts in the light most favorable to the non-moving party.  *Dee v. Marriot Int'l, Inc.*, No. Civ. A. 99-2459, 1999 WL 975125, at *2 (E.D. Pa. Oct. 6, 1999) (citing *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994)).  The burden is on the moving party to show there is no actionable claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).

## III.   LEGAL ARGUMENT

### A.   Shoatz Has Alleged A Plausible Claim For Violation His Eighth Amendment Right To Be Free From Cruel And Unusual Punishment.

To establish a plausible Eighth Amendment claim, Shoatz must allege facts sufficient to establish an objective component (the sufficiently serious deprivation of a single, identifiable human need) and a subjective component (defendants were aware of or deliberately indifferent to the risks created by the conditions).  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Shoatz has alleged facts sufficient to establish a plausible Eighth Amendment claim.

To meet the objective requirement, Shoatz must allege that he suffered a "sufficiently serious" deprivation of a single, identifiable human need such as health, safety, food, warmth or exercise.  *See Wilson v. Seiter*, 501 U.S. 294, 298, 304 (1991). The court may consider a condition that does not meet the objective requirement by itself in combination with other conditions if these produce a "mutually reinforcing effect" that causes deprivation of a single, identifiable human need.  *Id.* at 304.  In determining if the objective requirement has been fulfilled, the Third Circuit has asserted that "[t]he touchstone is the health of an inmate.

While the prison administration may punish, it may not do so in a manner that threatens the physical and mental health of prisoners." *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992) (internal citations omitted).  Mental health, along with physical health, is considered for this requirement. *See, e.g., Wilkerson v. Stalder*, 639 F. Supp. 2d 654, 677-78 (M.D. La. 2007) (internal citations omitted) ("The Eighth Amendment protects not only inmates' physical health, but their mental health as well. The same standards that protect against physical torture prohibit mental torture as well-including the mental torture of excessive deprivation.").

In his Complaint, Shoatz alleges facts sufficient to plausibly establish the objective requirement of his Eighth Amendment claim.  Specifically, Shoatz alleges that the specific conditions he has been subjected to for the past 21 consecutive years have deprived him of human contact, physical activity, personal property and mental stimulation.  Compl. ¶¶ 40, 74-75.  These facts, as alleged in the Complaint, are adequate to meet the objective requirement of an Eighth Amendment claim.

To meet the subjective requirement, Shoatz must allege that the Defendants were aware of or deliberately indifferent to the health risks posed by the conditions of his long-term solitary confinement. *Farmer*, 511 U.S. at 837; *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).  A substantial risk may be found from the very fact that it is obvious. *Farmer*, 511 U.S. at 840-42 n.8 (prison officials cannot "ignore obvious dangers.").  Furthermore, the Supreme Court, and numerous other courts, have recognized that "the length of confinement [in isolation] cannot be ignored in deciding whether the confinement meets constitutional standards." *Hutto v. Finney*, 437 U.S. 678, 686 (1978); *see also Young*, 960 F.2d at

364 (citing *Hutto*, 437 U.S. at 686) (other citations omitted); *O'Brien v. Moriarty*, 489 F.2d 941,

944 (1st Cir. 1974) ("Imposed inappropriately, or for too long a period, even the permissible

forms of solitary confinement might violate the Eighth Amendment.").

In his Complaint, Shoatz alleges facts sufficient to plausibly establish the subjective

requirement of his Eighth Amendment claim. Specifically, Shoatz alleges that the specific

conditions he has been subjected to for the past 21 consecutive years have deprived him of

human contact, physical activity, personal property and mental stimulation. Compl. ¶¶ 40,

74-75. Shoatz has also adequately pled the subjective requirement for an Eighth

Amendment claim because he has pled each of the Defendants are aware of the excessive

risk that long-term solitary confinement causes severe emotional, mental, and physical

damage. Compl. ¶¶ 63-66. Not only are these risks obvious, Mr. James specifically

informed the DOC during his review that Shoatz's confinement for a period of four years

was atypical, unique, and could pose a risk of significant psychological harm. Compl. ¶¶ 67-

69. Further, Defendants are aware of actual mental and psychological harm and physical

injury and pain suffered by Shoatz as a result of his extended time in solitary confinement.

Comp. ¶¶ 71, 73,. These facts, as alleged in the Complaint, are adequate to meet the

subjective requirement of an Eighth Amendment claim. S*ee Wilkerson*, 639 F. Supp. 2d at

680 (noting that "prolonged isolation from social and environmental stimulation increases

the risk of developing mental illness does not strike this Court as rocket science."); *see also*

*Davenport v. DeRobertis*, 844 F.2d 1310, 1313 (7th Cir. 1988) (noting that "the record shows,

what anyway seems pretty obvious, that isolating a human being from other human beings

- 8 -

year after year or even month after month can cause substantial psychological damage, even

if the isolation is not total.").

In their brief, Defendants cite to cases holding that the conditions of solitary

confinement in the DOC do not establish a *per se* violation of the Eighth Amendment.

Shoatz, of course, is not alleging a *per se* violation of the Eight Amendment.  Rather, Shoatz

alleges that the specific conditions of his solitary confinement – conditions which he has

been subjected to for over 21 consecutive years – amount to cruel and unusual punishment

under the Eighth Amendment.  Moreover, Shoatz's claim is factually distinguishable from

most other Eighth Amendment claims because of the extreme duration of his confinement.[1]

Moreover and significantly, only three courts have been squarely presented with a

motion to dismiss an Eighth Amendment challenge to solitary confinement lasting twenty

years or longer; and each of those three courts denied defendants' motion to dismiss, in large

part, because of the extreme duration of the confinement.  *See Ashker v. Brown*, No. C 09–

5796, 2013 WL 1435148, at 5-6 (N.D. Cal. 2013) (over two decades in solitary confinement);

*Silverstein v. Fed. Bureau of Prisons*, 704 F. Supp. 2d 1077, 1098 (D. Colo. 2010) (more than two

decades in solitary confinement); *Wilkerson v. Stalder*, 639 F. Supp. 2d 654, 684-85 (M.D. La.

2007) (twenty-eight years in solitary confinement); *see also Griffin v. Gomez*, No. C-98-21038,

slip op. at 10 (N.D. Cal. June 28, 2006) (holding that twenty-years in solitary confinement "is

[1]    Defendants' reliance on *Bowen* is misplaced as to his Eighth Amendment claims
       because the district court in that case never significantly analyzed the plaintiff's more
       than two decades in solitary confinement state a claim under the Eighth Amendment.
       *See Bowen*, 2006 WL 3437287 at 2-4.  Shoatz does not challenge his initial placement
       into solitary confinement, but rather attacks the constitutionality of long-term solitary
       confinement lasting more than twenty years.  The claim raised by Shoatz is factually
       and constitutionally distinct and challenges that under the facts of his own
       circumstances, he has been deprived of basic human needs.  Compl. ¶ 75.

a shockingly long period of time" and when combined with no meaningful way to be

released violates the Eighth Amendment).  The *Wilkerson* court articulated the significance of

the durational factor in a case that bears close factual resemblance to the present case by

noting that "[w]ith each passing day [solitary confinement's] effects are exponentially

increased, just as surely as a single drop of water repeated endlessly will eventually bore

through the hardest of stones." 639 F. Supp. 2d at 684.  Because Shoatz raises a

constitutional issue of first impression in this district and the Third Circuit, "clearly

present[ing] the extreme type of situation required to establish an Eighth Amendment

violation," *Gray v. Creamer*, 465 F.2d 179, 187 (3d Cir. 1972), his claim should be permitted to

go forward.

As Shoatz has adequately pled facts sufficient to plausibly establish a violation of his

Eighth Amendment right to be free from cruel and unusual punishment, Defendants'

Motion to Dismiss should be denied.

**B.      Shoatz Has Alleged A Plausible Claim For Violation His Fourteenth
Amendment Right To Procedural Due Process.**

To establish a plausible Fourteenth Amendment procedural due process claim,

Shoatz must allege facts sufficient to plausibly establish: (1) that he has a protected liberty

interest, and (2) that the relevant review process was insufficient to protect that interest.  *See*

*Wilkinson v. Austin*, 545 U.S. 209 (2005).  Due process claims are flexible and involve a fact

specific analysis.  *Id.* at 224-30; *see also Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976).

Shoatz's due process claim is that he has a liberty interest that requires constitutionally

adequate measures to continue to hold him in solitary confinement and that the specific

circumstances of his reviews are not constitutionally adequate.   Shoatz has alleged facts

sufficient to establish a plausible Fourteenth Amendment procedural due process claim.

A liberty interest arises when "state statutes and regulations create a liberty interest in

freedom from restraint that imposes an atypical and significant hardship in relation to the

ordinary incidents of prison life thereby triggering due process protection." *Renchenski v.*

*Williams*, 622 F.3d 315, 325 (3d Cir. 2010) (internal citation omitted).  In his Complaint,

Shoatz alleges facts sufficient to plausibly establish that he has a protected liberty interest.

Specifically, Shoatz alleges that the specific conditions he has been subjected to for the past

21 consecutive years impose an atypical and significant hardship as compared to the

conditions in general population.  Compl. ¶¶ 13-39, 80.  In *Shoats v. Horn*, the Third Circuit

held that Shoatz had a protected liberty interest because his placement in solitary

confinement for eight consecutive years caused him to suffer a "substantial adverse impact"

that exceeds his sentences, as well as an "atypical and significant hardship" in relation to "the

ordinary incidents of prison life."  213 F.3d 140, 143-44 (3d Cir. 2000) (hereinafter "*Shoats*

*I*").

Not only has Shoatz been confined for a longer duration than in *Shoats I*, but he has

also been subjected to more restrictive conditions because of the sealing of the steel doors of

his cell and the "no talking" policy.  *See* Compl. ¶¶ 37-38.  The interest in the government in

taking the action is particularly low under the current set of facts and is much lower than the

interest in *Shoats I*.  *See Mims v. Shapp*, 744 F.2d 946, 953 (3d Cir. 1984) ("The validity of the

government's interest in prison safety and security as a basis for restricting the liberty rights

of an inmate subsists *only* as long as the inmate continues to pose a safety or security risk.")

(emphasis added).  Defendants have repeatedly stated that their interest in isolating Shoatz is because he presents "an escape risk in a less secure status."  Compl. ¶ 52.  This asserted interest is baseless given that Shoatz is now seventy years old, suffers from a range of debilitating mental and physical ailments, and has maintained an impeccable behavioral record for over 21 years.  Compl. ¶¶ 4, 70-73, 34-36.  Accordingly, the allegations in the present case – which presents more restrictive conditions for a significantly longer duration than those in *Shoatz I* – are adequate to establish a liberty interest that is protected by the Fourteenth Amendment.

The due process clause is "flexible" and calls for such procedural protections as a particular situation demands in order to minimize the risk of error.  *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 421 (3d Cir. 2000) (internal citations omitted).  Courts determine what procedures are constitutionally required by looking at the "particular rights and interests at stake."  *Reynolds v. Wagner*, 128 F.3d 166, 179 (3d Cir. 1997) (internal citation omitted).  These rights and interests are weighed in accordance with the analysis set forth in *Mathews*, which looks to:  1) the private interest affected by government action; 2) the risk that the procedures would lead to a mistaken deprivation and the ability of alternative procedures to reduce the risk; and 3) the interest of the government in taking the action, and in avoiding "fiscal and administrative burdens" that altered procedures might require. *Wilkinson*, 545 U.S. at 224-25 (2005) (citing *Mathews*, 424 U.S. at 335).  With respect to prisoners held in solitary confinement, prison officials are required to periodically review the prisoner's circumstances.  *Mims*,744 F.2d at 951.  The prisoner must be provided a chance to be heard by the official "charged with deciding" if he should be released from solitary

confinement.  *Shoats I*, 213 F.3d at 145 (internal citations omitted).  Finally, it is axiomatic

that a meaningful review should evaluate "current circumstances and future prospects."

*Toevs v. Reid*, 685 F.3d 903,913 (10th Cir. 2012).

Shoatz has adequately alleged that the specific procedures applied in his case are not

constitutionally sufficient.  The process afforded Shoatz during his prolonged isolation has

failed to meet even the lower standards upheld in *Shoats I*.  At this time, Shoatz alleges he

does not have any access to the ultimate decision maker regarding his status because the

PRC hearings are irrelevant for the process of determining whether or not he should be

released from confinement.  Compl. ¶ 47.  Shoatz also alleged that he has been denied the

opportunity to present his views to the official charged with deciding whether he will be

removed from the RRL.  Compl. ¶¶ 41-45, 60.  He further alleged that – despite numerous

requests – Defendants have refused to provide Shoatz with an explanation of the reasons for

their decisions to keep him in solitary confinement.  Compl. ¶¶ 41-44.  Shoatz has alleged

that Defendants refuse to provide him with any guidance as to what he can do to be released

from solitary confinement.  Compl. ¶ 45.  Finally, Shoatz has alleged that his PRC reviews

are perfunctory proceedings and that the decision makers fail to consider the relevant

evidence.  Compl. ¶¶ 46-48.

In their brief, Defendants cite to cases holding that application of the DOC's

published PRC and RRL processes does not establish a *per se* violation of the Fourteenth

Amendment.  Again, Defendants misstate Shoatz's claims.  Shoatz is not alleging a *per se*

violation of the Fourteenth Amendment.  Rather, Shoatz alleges that Defendants failed to

follow the established procedures in such a way that – under his specific circumstances –

amounts to a violation of his Fourteenth Amendment right to procedural due process. As

such, Shoatz's claim is factually distinguishable from the cases cited in Defendants' brief.[2]

Finally, Defendants argue that Shoatz's procedural due process claim is barred by the

doctrine of *res judicata.* To the contrary, this case falls within the "continuing course of

conduct" exception to *res judicata. See, generally*, Moore's Federal Practice, § 131.23[3][c] 3d

Ed. (2001). In *Shoatz I*, Shoatz brought a Fourteenth Amendment claim challenging his

solitary confinement through 1997. 213 F.3d at 143-44. Shoatz's instant claim challenges

his continued placement in solitary confinement after twenty-one years. As the Supreme

Court has explained, while a prior judgment precludes recovery of claims arising prior to

entry, it cannot be given the effect of extinguishing claims which did not even exist and

which could not possibly have been sued upon in the previous case. *Lawlor v. Nat'l Screen*

*Serv. Corp.*, 349 U.S. 322, 327-28 (1955); *see also Lyons v. Bisbee*, 3:07-CV-460-LRHRAM, 2009

WL 801824, at *4-6 (D. Nev. Feb. 10, 2009) *report and recommendation adopted*, 2009 WL

872436 (D. Nev. Mar. 25, 2009) (holding that a prisoner's claim that he continued to be

wrongfully subject to retaliation was not barred by his previous retaliation claim against the

same department of corrections). The same principles as outlined in *Lyons* apply in the case

at hand. Shoatz is not relitigating the 1998 suit, but instead is asserting claims based on his

continued placement in solitary confinement. The reasoning of *Lyons* is particularly apt in

the case at hand because the duration of the confinement directly affects the liberty interest

---

[2]    To the extent that Defendants claim that *Bowen* forecloses Shoatz's claims, this type
of claim was not discussed by the *Bowen* court. 2006 WL 3437287, at *2. Also, unlike
the plaintiff in *Bowen*, Shoatz does specifically allege "procedural shortcoming[s] that
would implicate his due process rights," including a lack of an adequate hearing and
opportunity to be heard. *Bowen v. Ryan*, 248 Fed. App'x 302, 305 (3d Cir. 2007).

at stake.  *See Shoats I*, 213 F.3d at 143-44.  Accordingly, Shoatz's procedural due process claim is not barred by the doctrine of *res judicata*.

As Shoatz has adequately pled facts sufficient to plausibly establish a violation of his Fourteenth Amendment right to procedural due process, Defendants' Motion to Dismiss should be denied.

C.      **Shoatz Has Alleged A Plausible Claim For Violation His Fourteenth Amendment Right To Substantive Due Process.**

When the state action is executive in nature, a substantive due process violation occurs where executive action "may fairly be said to shock the contemporary conscience." *Evans v. Sec'y of Dept. of Corr.*, 645 F.3d 650, 660 (3d Cir. 2011) (citing *Cnty. of Sacremento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).  "[I]n the custodial situation of a prison, forethought about an inmate's welfare is not only feasible, but obligatory," and therefore a "deliberate indifference" standard of culpability is appropriate for establishing a conscience-shocking conduct.  *Miller v. City of Phila.*, 174 F.3d 368, 375 (3d Cir. 1999) (quoting *Lewis*, 523 U.S. at 851).

The Defendants refuse to release Shoatz from solitary confinement based solely on their contention that he is an "escape risk" – despite the fact he is seventy years old, suffers from a range of debilitating psychological and physical ailments, and has maintained an impeccable behavioral record for 21 years.  Compl. ¶¶ 4, 34-36, 72, 74.  Shoatz's continuing isolation is a result of Defendants' failure to give serious consideration to the facts surrounding his case, which is directly linked to the failure to provide constitutionally sufficient procedures, as discussed above.  Compl. ¶¶ 49-55, 61.  The failure for such an extended period of time to provide a process capable of recognizing the illegitimacy of

- 15 -

holding Shoatz as an escape risk constitutes deliberate indifference that shocks the conscience.  These facts plausibly establish that Defendants do not have a legitimate penological interest in continuing Shoatz's solitary confinement.

As Shoatz has adequately pled facts sufficient to plausibly establish a violation of his Fourteenth Amendment right to substantive due process, Defendants' Motion to Dismiss should be denied.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff Russell Shoatz respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety.  Alternatively, Plaintiff requests leave to amend his Complaint.

Dated: September 17, 2013                          Respectfully submitted,


<u>/s/ Stefanie A. Lepore</u>
Richard L. Etter
PA I.D. No. 92835
Stefanie A. Lepore
PA I.D. No. 312998
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA  15222-2716
Telephone:  (412) 288-3806/3877
retter@reedsmith.com
slepore@reedsmith.com

Daniel M. Kovalik
PA I.D. No. 69065
Five Gateway Center
Pittsburgh, PA 15222
Telephone:  (412) 562-2518
dkovalik@usw.org

*Attorneys for Plaintiff Russell Shoatz*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2013, I electronically filed the

foregoing document with the U.S. District Court, Western District of Pennsylvania, using the

ECF system of the court.  The ECF system will send notification of such filing to all counsel of

record.  Counsel may access such document using the Court's system.


*/s/  Stefanie A. Lepore*
Counsel for Plaintiff